UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

MARCUS WOODSIDE,    Plaintiff,

v.    Civil Action No. 1:14-cv-60-DJH-HBB

OLYMPIC CUSTOM HOMES, LLC,    Defendant/Third-Party Plaintiff,

v.

NEW HORIZON MECHANICAL, INC. and
RICK SHIPMAN CONSTRUCTION, INC.,    Third-Party Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This case stems from a workplace injury suffered by Plaintiff Marcus Woodside. Third-Party Defendants Rick Shipman Construction, Inc. and New Horizon Mechanical, Inc. have moved for summary judgment on Defendant/Third-Party Plaintiff Olympic Custom Homes, LLC's claims against them, arguing that they are immune from liability under the Kentucky Workers' Compensation Act. (Docket Nos. 46, 55) Also pending is a motion by Olympic Custom Homes for an apportionment instruction against the third-party defendants, which Rick Shipman and Woodside argue is premature. (D.N. 47; *see* D.N. 49, 52) For the reasons discussed below, the Court will grant the motions for summary judgment and deny without prejudice Olympic's motion for an apportionment instruction.

**I.    BACKGROUND**

Woodside was injured when he fell from a roof while working for New Horizon Mechanical, Inc. on a construction site. New Horizon was a subcontractor of Rick Shipman Construction, Inc., which had contracted with the City of Horse Cave, Kentucky, to construct a

1

fire station.  Woodside filed a workers' compensation claim with New Horizon, and New Horizon secured workers' compensation benefits for Woodside.

Woodside sued Olympic Custom Homes, another subcontractor whose employees worked at the site, alleging negligence.  (D.N. 1)  Olympic, in turn, filed third-party complaints against Rick Shipman and New Horizon, asserting claims of negligence, negligence per se, indemnity and contribution, and breach of contract.  (D.N. 22, 23)  The third-party complaints also sought an apportionment instruction at trial, a request reiterated in Olympic's present motion.  (D.N. 47; *see, e.g.*, D.N. 23, PageID # 230-31)  New Horizon and Rick Shipman now seek summary judgment on all claims against them.  (D.N. 46, 55)

## II.   ANALYSIS

### A.   Summary Judgment

Summary judgment is required when the moving party shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* 56(c)(1).  For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  However, the Court "need consider only the cited materials." Fed. R. Civ. P. 56(c)(3); *see Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014).  If the nonmoving party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the fact may be deemed undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2)-(3).  To survive a motion for summary judgment, the nonmoving party must establish a genuine issue of material fact with respect to each element of each of its claims.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23 (1986) (noting that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").

### 1. Rick Shipman

Rick Shipman maintains that the Kentucky Workers' Compensation Act, Kentucky Revised Statutes § 342.690, relieves it of liability to Olympic. (*See* D.N. 46-1, PageID # 335-36) Section 342.690 provides:

> The liability of an employer to another person who may be liable for or who has paid damages on account of injury or death of an employee of such employer arising out of and in the course of employment and caused by a breach of any duty or obligation owed by such employer to such other shall be limited to the amount of compensation and other benefits for which such employer is liable under this chapter on account of such injury or death, unless such other and the employer by written contract have agreed to share liability in a different manner.

Ky. Rev. Stat. Ann. § 342.690(1).

The parties disagree whether § 342.690(1) applies to Olympic's breach-of-contract claim.[1] Rick Shipman points out that the statute covers "a breach of *any* duty or obligation" it might owe to Olympic, including contractual breaches.[2] (D.N. 50, PageID # 390) But Olympic contends that its contract claim is independent of Woodside's injury and thus is unaffected by the statute. (D.N. 48, PageID # 360-61) If this were true, the claim would not properly be asserted in Olympic's third-party complaint, since "a defendant's claim against a third-party defendant cannot simply be an independent or related claim, but must be based upon the original plaintiff's claim against the defendant." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800,

---

[1] Olympic does not oppose Rick Shipman's summary judgment motion with respect to any of its claims except breach of contract. (*See* D.N. 48, PageID # 360-61)

[2] There is no dispute that Rick Shipman is an "employer" for purposes of the statute. *See* § 342.690(1) (defining the term "employer" to "include a 'contractor' covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation").

805 (6th Cir. 2008) (citing *Stiber v. United States*, 60 F.R.D. 668, 670 (E.D. Pa. 1973)). In any event, Olympic has presented no evidence that the claim is independent.

A claim for breach of contract consists of three elements: (1) the existence of a contract; (2) breach of that contract; and (3) damages suffered as a result of the breach. *Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky. Ct. App. 2007). According to Olympic, its contract with Rick Shipman contained a provision requiring Rick Shipman to comply with OSHA regulations and to include similar provisions in any subcontracts. (D.N. 48, PageID # 360-61) Yet Olympic does not provide a copy of the contract it purports to quote, nor does it offer a citation to the record where the contract can be found. The contract between Olympic and Rick Shipman is, however, attached to Rick Shipman's reply in support of its motion—and as Rick Shipman observes, the language quoted by Olympic does not appear in that contract. (*See* D.N. 50-1) Moreover, Olympic cites no evidence showing that Rick Shipman breached the supposed contractual provision.[3] Olympic likewise fails to offer any evidence—or even argue—that it suffered damages from the alleged breach unrelated to Woodside's injury. In short, Olympic has presented nothing from which the Court could conclude that the breach-of-contract claim stands alone.

The claim thus is subject to the Workers' Compensation Act, and because Rick Shipman is not liable for workers' compensation benefits, it has no liability to Olympic. Pursuant to § 342.610, a contractor is liable for compensation to a subcontractor's employee only if the subcontractor does not secure benefits. Ky. Rev. Stat. § 342.610(2); *see Fireman's Fund Ins. Co. v. Sherman & Fletcher*, 705 S.W.2d 459, 461 (Ky. 1986). It is undisputed that New Horizon

---

[3] Olympic merely makes a conclusory assertion that "it is clear from deposition testimony and Olympic's investigation that [Rick Shipman] breached" the contract's OSHA requirement. (D.N. 48, PageID # 361)

secured workers' compensation for Woodside in this case. Therefore, Rick Shipman's liability to Woodside—and thus to Olympic—is zero dollars.[4]  *See* Ky. Rev. Stat. § 342.690(1); *cf. Fireman's Fund*, 705 S.W.2d at 463.

### 2. New Horizon

Olympic's claims against New Horizon also fail. As before, Olympic contends that its breach-of-contract claim does not arise from Woodside's injury. (D.N. 60, PageID # 569) And as before, Olympic fails to cite any evidence on this point.[5] (*See id.*) Olympic does not dispute that its claim is barred if § 342.690 applies. Because an employer's liability to other persons for "breach of any duty or obligation" is capped at "the amount of [workers'] compensation . . . for which such employer is liable" and New Horizon has satisfied its workers' compensation liability, it cannot be liable to Olympic for breach of contract. Ky. Rev. Stat. § 342.690(1).

Olympic also insists that its claims for contribution and indemnity "are alternative remedies that require New Horizon's presence in the action" and thus should survive summary judgment. (D.N. 60, PageID # 569) However, New Horizon is not liable for contribution because it has already settled with Woodside. Kentucky Revised Statutes § 411.182(4) provides that "[a] release, covenant not to sue, or similar agreement entered into by a claimant and a person liable, shall discharge that person from all liability for contribution." Settlement of a workers' compensation claim falls under this provision. *Owens Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 481 (Ky. 2001); *see also Dix & Assocs. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 29 (Ky. 1990) ("As a practical matter, workers['] compensation coverage

---

[4] Rick Shipman acknowledges that fault may still be apportioned to it if the evidence at trial supports an apportionment instruction. (D.N. 50, PageID # 387) Apportionment is discussed in Part II.B below.

[5] Nor does Olympic attempt to prove that it is a third-party beneficiary of the contract between New Horizon and Rick Shipman—the foundation of its contract claim against New Horizon. (*See* D.N. 22, PageID # 224; D.N. 60, PageID # 569)

constitutes a settlement between the employee and the employer whereby the employee settles his tort claim for the amount he will receive as compensation.").

And Olympic's indemnity claim cannot survive summary judgment because Olympic has presented no evidence whatsoever to support it.[6] Under Kentucky common law, a party is entitled to indemnity only if "the liability to a third party is the result of a wrongful act of a joint tortfeasor." *Celina Mut. Ins. Co. v. Harbor Ins. Agency, LLC*, 332 S.W.3d 107, 114 (Ky. Ct. App. 2010) (citing *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000)). As Olympic offers no evidence of any wrongful act by New Horizon or Rick Shipman, summary judgment on its indemnity claims is appropriate. *See id.* (affirming grant of summary judgment where no evidence showed tortious conduct by party from whom indemnification was sought).

Regardless, Olympic would not be entitled to indemnity. Indemnity is available to a party that is "only constructively or secondarily liable to a plaintiff." *ISP Chems. LLC v. Dutchland, Inc.*, 771 F. Supp. 2d 747, 751 (W.D. Ky. 2011) (quoting *York v. Petzl Am., Inc.*, 353 S.W.3d 349, 354 (Ky. Ct. App. 2010)). In this case, there is no allegation or evidence of an agency relationship between Olympic and New Horizon. *See York*, 353 S.W.3d at 354. Nor has Olympic shown that negligence by New Horizon "was the entire or primary cause of [Woodside]'s injuries." *Id.* Thus, any fault on the part of New Horizon or Rick Shipman will be addressed through apportionment, as discussed in the next section. *See Franke v. Ford Motor Co.*, 398 F. Supp. 2d 833, 840 (W.D. Ky. 2005).

---

[6] Olympic's response to New Horizon's summary judgment motion does not contain a single citation to the record.

**B.     Apportionment**

Olympic seeks an apportionment instruction against New Horizon and Rick Shipman. (D.N. 47)  Rick Shipman and Plaintiff Woodside admit that such an instruction may be warranted but argue that the request is premature.  (D.N. 49, 52)  The Court agrees.

Kentucky's apportionment statute provides:

> In all tort actions, including products liability actions, involving fault of more than one (1) party to the action, including third-party defendants and persons who have been released under subsection (4) of this section, the court, unless otherwise agreed by all parties, shall instruct the jury to answer interrogatories or, if there is no jury, shall make findings indicating:
>
> (a)     The amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and
>
> (b)     The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under subsection (4) of this section.

Ky. Rev. Stat. Ann. § 411.182(1).  Fault may be apportioned to dismissed parties under this statute.  *Adam v. J.B. Hunt Transp., Inc.*, 130 F. 3d 219, 228 (6th Cir. 1997); *see Owens Corning Fiberglas*, 58 S.W.3d at 471 n.5.  However, an apportionment instruction is only appropriate if there is evidence showing the party was at fault.  *Savage v. Three Rivers Med. Ctr.*, 390 S.W.3d 104, 118 (Ky. 2012) (citing *Owens Corning Fiberglas*, 58 S.W.3d at 471 n.5).  Here, although Olympic asserts that "evidence supports" an instruction under § 411.182, it cites no such evidence.  (D.N. 47-1, PageID # 353)  Thus, at this stage of the case, the Court cannot find that an apportionment instruction is warranted.  *See Savage*, 390 S.W.3d at 118.  Olympic may renew its request at trial if the evidence supports a finding of fault by one or both of the third-party defendants.

### III.    CONCLUSION

Olympic has failed to show that either Rick Shipman or New Horizon is liable on its third-party claims.  Furthermore, Olympic's request for an apportionment instruction is premature.  Accordingly, and the Court being sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    The motions for summary judgment of Third-Party Defendants Rick Shipman Construction, Inc. (D.N. 46) and New Horizon Mechanical, Inc. (D.N. 55) are **GRANTED**.

(2)    Defendant Olympic Custom Homes, LLC's Motion for an Apportionment Instruction Against Third Party Defendants (D.N. 47) is **DENIED** without prejudice.

February 22, 2016

**David J. Hale, Judge**
**United States District Court**